IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

| | |
|---|---|
| LOTTIE THOMPSON-GROVES ) | |
| and WILLIAM GROVES, ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION NO. 2:19-cv-192-KS-MTP |
| v. ) | |
| ) | |
| SOUTHWEST THEATERS, LLC ) | |
| and TURTLE CREEK LIMITED ) | |
| PARTNERSHIP ) | |
| Defendants. ) | |

**COMPLAINT**

I.  **INTRODUCTION**

Plaintiffs, Lottie Thompson-Groves and William ("Billy") Groves (hereinafter, "Plaintiffs", file this Title III, Americans with Disabilities Act (hereinafter, "ADA") action against Defendants, Southwest Theaters, LLC. dba Southwest Theaters Turtle Creek 9 and Turtle Creek Limited Partnership (hereinafter, "Defendants"), pursuant to 42 U.S.C. § 12181 et seq. In Count One of the Complaint, Plaintiffs seek to enjoin Defendants to remove architectural barriers from Defendant's facility. In Count Two of the Complaint, Plaintiffs seek to enjoin Defendants to maintain policies, practices, and procedures necessary to maintain Defendant's facility free of architectural barriers both now and once the architectural barriers are removed from Defendant's facility. In Count Three of the Complaint, Plaintiffs seek to enjoin Defendants' use of Defendant's facility to provide full and equal enjoyment of Defendants' facility to individuals with disabilities. Count Two of the Complaint and Count Three of the Complaint seek independent relief in addition to the removal of architectural barriers from Defendants' facility. In Count Four of the Complaint, Plaintiffs seek an injunction requiring the Defendants to conduct readily achievable barrier

removal according to the ADA Standards.

## II.     JURISDICTION, PARTIES, AND ARTICLE III STANDING

**1.** This is an action for declaratory and injunctive relief pursuant to Title III of the Americans with Disabilities Act, 42 U.S.C. §12181, et. seq., (hereinafter the "ADA"), and its implementing regulations. Therefore, this Court is vested with original jurisdiction under 28 U.S.C. §1331 and §1343.

**2.** Venue is proper in this Court pursuant to Title 28, U.S.C. §1391 and the Local Rules of the United States District Court for the Southern District of Mississippi.

**3.** Lottie Thompson-Groves has tremors, stenosis of the neck and spine, heel spurs and bulging disks, which causes her to have balance issues, shaking, a limited use of hand functions, reduced motor function and other neurological and physical problems that limit her ability to walk stand, lift, bend, work, perform manual tasks, all of which are major life activities pursuant to 42 U.S.C. § 12102(2)(A). Because of her disabilities, Lottie Thompson-Groves uses mobility aids, particularly a cane, for travel. Therefore, Plaintiff Lottie Thompson-Groves is disabled pursuant to the ADA, in that she suffers physical impairments substantially limiting one or more major life activities. 42 U.S.C. § 12102; *see also*, 28 C.F.R. § 36.104.

**4.** Billy Groves has neuropathy, which substantially limits the use of his legs and feet, creates back problems, and severely limits the use of his right hand. His physical, medical condition limits his ability to walk, stand, lift, bend, work, perform manual tasks, all of which are major life activities pursuant to 42 U.S.C. § 12102(2)(A). Because of his disabilities, Billy Groves uses mobility aids, particularly a wheelchair, for travel and mobility. Therefore, Plaintiff Billy Groves is a person with a disability pursuant to the ADA, in that he suffers a physical impairment

substantially limiting one or more major life activities. 42 U.S.C. § 12101; see also 28 C.F.R. § 36.104.5.

5. Plaintiffs reside in Satsuma, Alabama which is approximately an hour and a half drive from Waynesboro, Mississippi. Lottie and Billy travel at least once per month to Waynesboro, Mississippi to visit Lottie's granddaughter Cora who is less than one year old and is Lottie's first grandchild. These trips are very special to her. Lottie, Billy, her son, and daughter-in-law often go shopping and eat in Hattiesburg since there are very few shopping or entertainment or dining options in Waynesboro. While in the Hattiesburg area, they often see movies and participate in family outings when Billy and Lottie visit their relatives. Billy often travels to Mississippi because he was raised in Mississippi and his family resides there.

6. Defendant, Turtle Creek Limited Partnership, (hereinafter, "Turtle Creek") is registered to conduct business and is conducting business within the State of Mississippi sufficient to create both general and specific in personam jurisdiction. Upon information and belief, Turtle Creek "owns" and "leases to" Southwest Theaters, LLC, the business and real property and improvements known as Southwest Theaters Turtle Creek 9 located at 1000 Turtle Creek Dr, Suite A5, Hattiesburg, MS 39402, (hereinafter "Theater"). As a movie theater, the establishment qualifies as a place of public accommodation, pursuant to 42 U.S.C. § 12181(7)(F) and 28 C.F.R. § 36.104.

7. Defendant, Southwest Theaters, LLC, (hereinafter "Southwest" or "Theater") is a limited liability company that is registered to conduct business and is conducting business within the State of Mississippi sufficient to create both general and specific in personam jurisdiction. Upon information and belief, Southwest Theaters, LLC "leases" and/or "operates" the business and/or real property and improvements known as Southwest Theaters Turtle Creek 9 located at

1000 Turtle Creek Dr, Suite A5, Hattiesburg, MS 39402, (hereinafter "Theater"). As a movie theater, the establishment qualifies as a place of public accommodation, pursuant to 42 U.S.C. § 12181(7)(F) and 28 C.F.R. § 36.104.

8. Because of the various types of barriers described below, the Plaintiffs have been denied full and equal enjoyment of the Defendants' premises on the basis of their disabilities.

9. Plaintiffs, accordingly, have Article III standing to pursue this case because: (1) they are people with disabilities, pursuant to the statutory and regulatory definition; (2) the Defendants' establishment is a place of public accommodation, pursuant to the statutory definition; (3) suffered a concrete and particularized injury by being denied access to the facility by architectural barriers, by policies and practices, and by denial of the use of the facility for their full and equal enjoyment as compared to non-disabled individuals; and (4) because these architectural barriers and policies continue to exist, there is a genuine threat of imminent future injury, as described herein. (See Footnote 1). Furthermore, they have definite plans during 2019 to return to the facility.

**III.     COUNT ONE – Failure to Remove Architectural Barriers When Readily Achievable [42 U.S.C. § 12182(b)(2)(A)(iv)]**

10. Plaintiffs incorporate as if fully set forth, herein, the allegations of paragraphs 1-9.

11. Plaintiffs are informed and believe based on publicly available information that the facility was constructed for first occupancy after the effective date of the 1991 ADA Accessibility Guidelines. However, upon information and belief, the Defendants have not fulfilled their obligation under the ADA Accessibility Guidelines to remove architectural barriers when readily achievable to do so or when conducting alterations. [42 U.S.C. § 12182(b)(2)(A)(iv)] 28 CFR § 36.304.

**ARCHITECTURAL BARRIERS**

12. When the Plaintiffs last visited the Theater in November 2019, they encountered the following barriers for individuals with disabilities;

    12.1. **Entrance Lobby Area**

        a. The height of the transition between the carpet and tile exceeds the maximum slope allowable and requires beveling or a ramp;

    12.2. **Ramp Leading from Lobby to Theater Area**

        a. The slope of the ramp leading from the lobby to the theater area exceeds the maximum requirements of the ADA Standards, thereby, creating an inaccessible path of travel to the primary function area of the facility;

    12.3. **Women's Restroom Located at the Top of Ramp**

        a. The pipes underneath the lavatory sink are not insulated as required;

    12.4. **Men's Restroom Located at the Top of Ramp**

        a. There is no ambulatory toilet compartment as required where the numeric combination of urinals and water closets totals six or more fixtures;

        b. The pipes underneath the lavatory sink are not insulated as required;

13. To date, the barriers to access and other violations of the ADA still exist and have not been remedied or altered in such a way as to effectuate compliance with the provisions of the Standards.

14. Unless Defendants take remedial action, Plaintiffs will continue to encounter the architectural barriers described herein, and, as a result, be discriminated against by Defendants on the basis of their disabilities.

15. Plaintiffs have been obligated to retain the undersigned counsel for the filing and prosecution of this action. They are entitled to have reasonable attorney's fees, costs and expenses paid by the Defendants pursuant to 42 U.S.C. § 12205.

16. Pursuant to 42 U.S.C. § 12188, this Court is vested with the authority to grant Plaintiffs injunctive relief, including an Order to remove the architectural barriers and bring the facility into compliance with the ADA Standards.

### IV. COUNT TWO – FAILURE TO MODIFY POLICIES, PRACTICES AND PROCEDURES WHICH DENY EQUAL BENEFITS [42 U.S.C. § 12182(b)(2)(A)(ii)]

17. Plaintiffs incorporate by reference and reallege all the paragraphs above as if fully set forth herein.

18. By its clear text, Title III requires a public accommodation to provide individuals with disabilities more than simple physical access. Removal of architectural barriers as described in Count One is only one component of compliance with the Statute. Thus, a place of public accommodation must not have and must modify any policy or practice which effectively, or directly denies access to goods or services to individuals with disabilities and prevents them from realizing the full and equal enjoyment of goods and services offered. 42 U.S.C. § 12182(b)(2)(A)(ii).

19. Defendants have failed to make modifications in policies, practices, and procedures as follows:

   a. Defendants have demonstrated that they have a policy of non-compliance with the ADA new construction and/or alteration Standards by the failure to design the facility or remove architectural barriers.

    b. The presence of architectural barriers identified in Count One demonstrates that the Defendants either have no policies or have failed to create, adopt, and/or implement policies and procedures for the removal of architectural barriers.

    c. Defendants' failure to provide a compliant transition in the lobby and a compliant ramp to the primary function areas exhibit a policy of excluding individuals with disabilities from being able to safely and independently access the theaters and restrooms located on the upper level.

    d. Defendants' failure to provide accessible features in restrooms is further evidence of Defendants' exclusionary policies and procedures.

20. To date, the Defendants' discriminating policies, practices, and/or procedures have not been modified to afford goods, services, facilities, privileges, advantages, or other accommodations to individuals with disabilities.

21. Plaintiffs have been obligated to retain the undersigned counsel for the filing and prosecution of this action. They are entitled to have their reasonable attorney's fees, costs and expenses paid by the Defendants pursuant to 42 U.S.C. § 12205.

22. Pursuant to 42 U.S.C. § 12188 this Court is authorized to enjoin the Defendants from engaging in these discriminatory policies, practices, and procedures.

23. Therefore, the Plaintiffs hereby demand that Defendants both create and adopt a corporate practice and policy that Defendants (a) will fully comply with the ADA design and alteration Standards so that architectural barriers identified in Count One are permanently removed from Defendants' establishment; and (b) Defendants will implement policies and procedures which provide individuals with disabilities, including those with mobility impairments, full and equal enjoyment and use of all goods and services.

**V.     COUNT THREE – DENIAL OF FULL AND EQUAL ENJOYMENT**

24.     Plaintiffs incorporate by reference and reallege all the paragraphs above as if fully set forth herein.

25.     Discrimination on the basis of disability is a denial of the "full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations" and is prohibited. 42 U.S.C. 12182(a).  Further, the ADA specifically makes it unlawful to provide individuals with disabilities with an "unequal benefit," and to relegate individuals with disabilities to a "different or separate" benefit. 42 U.S.C. §§ 12182(b)(1)(A))(ii)-(iii); 28 C.F.R. § 36.202(b)-(c).

26.     For that reason, the Act applies not only to barriers to physical access to places of public accommodation, but also to any policy, practice, or procedure which operates to deprive or diminish individuals with disabilities from full and equal enjoyment of the privileges and services offered by the public accommodation. 42 U.S.C. 12182.

27.     Plaintiffs were denied full and equal access to the Theater due to Defendants' denial of equal services and benefits. As compared to individuals without disabilities, Plaintiffs experienced unequal treatment and inferior accommodations at Defendants' facility as follows:

a.  The inaccessible features of the lobby transition and the ramp to the second level create unequal travel conditions for Plaintiffs and others similarly situated as compared to customers without mobility impairments;

b.  The inaccessible features of the restrooms prohibited Plaintiffs from equally using the fixtures and other elements without assistance or without difficulty or personal humiliation or hardship;

c.  Defendant's continued failure to maintain ADA accessibility as an integral part of the facility and theater experience has segregated or otherwise treated Plaintiffs and

others similarly situated differently, in that, the lack of accessible features and policies caused Plaintiffs to be dependent on others to attempt access and caused them to be deterred from returning to this facility for fear of experiencing the same kind of discriminatory treatment.

28. Defendants' conduct and unequal treatment of Plaintiffs constitute continuous discrimination in violation of the ADA. 28 C.F.R. § 36.211(a).

29. Absent a Court ordered injunction, Defendants will continue to deny Plaintiffs equal access to the goods and services offered at the Theater.

30. Plaintiffs have been obligated to retain the undersigned counsel for the filing and prosecution of this action. They are entitled to have their reasonable attorney's fees, costs and expenses paid by the Defendants pursuant to 42 U.S.C. § 12205.

31. Pursuant to 42 U.S.C. § 12188, this Court is authorized to enjoin the Defendants from engaging in these continuous discriminatory practices which have resulted in denial of equal access by the Plaintiffs.

VI. **COUNT FOUR – FAILURE TO Remove Architectural Barriers when readily achievable [42 U.S.C. § 12183(a)(1)]**

32. Plaintiffs incorporate by reference and reallege all the paragraphs above as if fully set forth herein.

33. Title III specifically states that for public accommodations discrimination includes "failure to remove architectural barriers . . . in existing facilities" unless it can be shown that removing a barrier is "not readily achievable" or accommodations cannot be provided through other means. (See 42 U.S.C. Section 12182(b)(2)(iv) & (v).

34. The Department of Justice Regulations also provide accessibility Standards for conducting readily achievable barrier removal in existing facilities. (28 C.F.R. §36.304(a) et seq.).

35. To date, architectural barriers remain at the facility due to Defendants' failure to remove readily achievable barriers and/or comply with the ADA alteration or design Standards.

36. Plaintiffs have been obligated to retain the undersigned counsel for the filing and prosecution of this action. They are entitled to have their reasonable attorney's fees, costs and expenses paid by the Defendants pursuant to 42 U.S.C. § 12205.

37. Pursuant to 42 U.S.C. § 12188 this Court is authorized to issue an injunction against the Defendants by ordering the facility brought into compliance with the Standards.

**WHEREFORE,** premises considered, Plaintiffs demand judgment against the Defendants on Counts One through Four and request the following injunctive and declaratory relief:

1) That the Court declare that the Defendants as well as all Defendants' illegal actions described herein violate the ADA, as more particularly described above;

2) That the Court enter an order requiring the Defendants to alter the facility to make it accessible to and usable by individuals with disabilities to the full extent required by the ADA as stated in Count One;

3) That the Court enter an order directing the Defendants to modify their policies, practices, and procedures in order to provide equal access to individuals with disabilities consistent with the ADA as stated in Count Two;

4) That the Court enter an order directing the Defendants to provide full and equal access to the use of the Theater and maintain the required accessible features at the establishment so that Plaintiffs, and other individuals with disabilities, enjoy the same experience offered to individuals without disabilities, as stated in Count Three;

5) That the Court enter an order directing the Defendants to immediately remediate the architectural barriers at the Theater by conducting readily achievable barrier removal as required. (See Count Four);

6) That the Court award reasonable attorney's fees, costs, (including expert fees) and other expenses of suit, to Plaintiffs.

7) That the Court award such other, further, and different relief as it deems necessary, just, and proper.

Date: December 5, 2019

Respectfully submitted,

*Pshon Barrett*
PSHON BARRETT, ESQ.
MS Bar No. 2071
ADA Group LLC
4001 Carmichael Road, Suite 570
Montgomery, Alabama 36106
334.819.4030 p
334.819.4032 f
Pshon.Barrett@ADA-Firm.com
*Attorney for the Plaintiff*

## CERTIFICATE OF SERVICE

This is to certify that I have this day filed with the Clerk of Court the aforementioned Complaint for service of process by USPS mail or electronic mail, postage prepaid and properly addressed this 5th day of December 2019 to the following:

**Southwest Theaters, LLC**
c/o Anderson Registered Agent
Attn.: Registered Agent
460 Briarwood Dr, Suite 100
Jackson, MS 39206

**Turtle Creek Limited Partnership**
c/o CSC of Rankin County Inc
Attn.: Registered Agent
Mirror Lake Plaza; 2829 Lakeland Drive, Suite 1502
Flowood, MS 39232

*Pshon Barrett*
PSHON BARRETT, ESQ.
*Attorney for the Plaintiff*